In The
Court of Appeals
Sixth Appellate District of Texas at Texarkana

______________________________

No. 06-03-00255-CR
______________________________


JUSTIN PAUL COBB, Appellant
 
V.
 
THE STATE OF TEXAS, Appellee


                                              

On Appeal from the County Court at Law
Bowie County, Texas
Trial Court No. 03M1552-CCL


                                                 



Before Morriss, C.J., Ross and Carter, JJ.
Memorandum Opinion by Justice Carter


MEMORANDUM OPINION

            Appellant, Justin Paul Cobb, moves this Court to dismiss his appeal. As authorized by Tex.
R. App. P. 42.2, we grant his motion.
            Accordingly, we dismiss the appeal.  
 

                                                                        Jack Carter
                                                                        Justice

Date Submitted:          January 21, 2004
Date Decided:             January 22, 2004

Do Not Publish



700-01  (Tex.  App.--Waco  1988,  no  pet.).  The  circumstances  surrounding  Waxler's
September 7 and 11 meetings with Spivey suggest Waxler was not under arrest or otherwise in state
custody at that time, nor can we glean any suggestion to the contrary from the record before us. (2) 
Accordingly, the strictures of Article 38.22 neither applied during Waxler's meetings with Spivey
nor prohibited the trial court's consideration of any statements made during these noncustodial
events.

 We overrule Waxler's sole point of error and affirm the trial court's judgment.




 Jack Carter

 Justice


Date Submitted: April 28, 2008

Date Decided: May 16, 2008


Do Not Publish



1. Semora is currently serving a probated sentence for burglary. 
2. "At trial, the defendant bears the initial burden of proving that a statement was the product
of 'custodial interrogation.'" Herrera v. State, 241 S.W.3d 520, 526 (Tex. Crim. App. 2007). The
record in this case shows Waxler brought forth no evidence that even begins to suggest the
conditions surrounding his meeting with Spivey created a custodial environment requiring Miranda
warnings or compliance with Article 38.22. See Tex. Code Crim. Proc. Ann. art. 38.22; Miranda
v. Arizona, 384 U.S. 436 (1966).